NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FADI G. HADDAD, M.D., | No. 21-16175 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01700-WHO |
| v. | |
| SMG LONG TERM DISABILITY PLAN; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William Horsley Orrick, District Judge, Presiding

Submitted February 8, 2023[**]
San Francisco, California

Before: McKEOWN, BYBEE, and BUMATAY, Circuit Judges.

Fadi Haddad appeals the district court's dismissal of his claims for long-term

disability ("LTD") benefits due under an employer-sponsored insurance plan insured

by the Hartford Life and Accident Insurance Company. After Haddad became

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

disabled and could not work, Hartford paid him LTD benefits. Based on the Plan's terms, Hartford offset Haddad's total benefits by the amount he received in an earlier settlement that Hartford attributed to lost wages. Haddad challenged Hartford's use of this offset in federal court. The district court agreed with Hartford and entered final judgment in its favor. This appeal followed.

We review the district court's "choice and application of the standard of review to decisions by fiduciaries in ERISA cases" de novo and its factual findings for clear error. *Est. of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1065 (9th Cir. 2016). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Haddad argues that, under *Saltarelli v. Bob Baker Group Medical Trust*, 35 F.3d 382, 385 (9th Cir. 1994), any limitations of or exclusions from coverage must be "clear, plain and conspicuous," and that a reasonable layman should not have to hunt for exclusions or limitations in the policy. Haddad claims that Hartford failed in this duty. But this argument confuses "exclusions" and "limitations" (which carve out areas from the scope of an insurance policy's coverage) with "offsets" (which reduce the total amount owed for covered claims). Haddad cites no legal authority for the proposition that offsets are subject to the same requirements as exclusions or limitations. We are aware of no requirement that the explanation of offsets be placed in the "table of context," as Haddad contends.

And the LTD Plan here is unambiguous when it comes to offsets. *See Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1194 (9th Cir. 2007) (interpreting an ERISA plan under its plain meaning). The LTD Plan explains that disability benefits will be offset by "any payments that are made to You . . . pursuant to any . . . portion of a settlement or judgment, minus associated costs, of a lawsuit that represents or compensates for Your loss of earnings." Considering the Plan's clear language, Hartford was permitted to offset any settlement Haddad received attributable to lost earnings. In this case, it is uncontested that Haddad received a settlement of $799,117.42 (excluding costs) from Hilton Hotels for an injury. Haddad argues that the Hilton settlement should not be offset from his disability because it was unrelated to his current disability. But the LTD Plan does not limit offsets to settlements for "related" injuries.

Haddad also challenges Hartford's apportionment of the entire non-cost portion of his Hilton settlement as lost wages. Because the Hilton settlement was a lump sum for various forms of relief, Haddad contends that none of it can be attributable to lost wages. But the LTD Plan provides that "[i]f You are paid Other Income Benefits in a lump sum or settlement, You must provide proof satisfactory to Us of: 1) the amount attributed to loss of income; and 2) the period of time covered by the lump sum or settlement." The Plan continues that "if You cannot or do not provide this information, We will assume the entire sum to be for loss of income[.]"

3

Haddad offered no meaningful explanation for the amount of the settlement attributable to lost wages and, under the LTD Plan, Hartford was permitted to consider the whole non-cost portion of the settlement as such. And Haddad failed to address why he could not provide estimates of his lost wages to Hartford even though he pointed to a specific range of lost wages while in litigation with Hilton. For these reasons, we also hold that Haddad's arguments regarding legal impossibility and unconscionability fail. *See Mull v. Motion Picture Indus. Health Plan*, 41 F.4th 1120, 1130–32 (9th Cir. 2022).

Haddad finally argues that Hartford cannot prove the terms of the LTD Plan because Hartford did not provide the policy in full. As the district court found, the record belies Haddad's claims. Hartford first issued the group insurance policy in 1994 to the Trustee of the Health Care Industry Group Voluntary Life and Disability Trust ("Trust"). All employers who participate in the Trust receive certificates of insurance under the policy, which become their ERISA plans. Haddad's employer received such a certificate. Hartford produced that certificate, along with a copy of the 1994 policy that Hartford issued to the Trust. This original policy is a short, high-level agreement that says nothing about coverage or offsets for individual insureds, but lays out broad strokes of the relationship between employers seeking insurance for their employees and Hartford. It is true that Hartford did not produce a copy of the Trust policy that it reissued in 2008. But it provided an affidavit

explaining that the provisions in both the 1994 and 2008 versions track the certificate issued to Haddad's employer. This evidence is enough to show the terms of the LTD Plan.

**AFFIRMED**.